**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 21-4207

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DION HARRIS, a/k/a Fattwan,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:19-cr-00065-RBS-RJK-1)

---

Submitted:  March 31, 2023                          Decided:  August 22, 2023

---

Before HARRIS, RICHARDSON, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Andrew M. Stewart, DENNIS, STEWART & KRISCHER PLLC, Arlington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Peter G. Osyf, Assistant United States Attorney, Newport News, Virginia, Kristen S. Taylor, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antoine Dion Harris appeals his convictions and 121-month sentence for Hobbs Act robbery of a liquor store, in violation of 18 U.S.C. § 1951(a), and for brandishing a firearm during the robbery, in violation of 18 U.S.C. § 924(c). Harris challenges his convictions on two grounds: the district court abused its discretion by providing the jury with transcripts of trial testimony during deliberations, and the district court erred by denying his motion for a new trial based on an alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We affirm.

Harris contends that the district court abused its discretion by providing to the jury transcripts of witnesses' trial testimony after the jury requested them. "We review a district court's decision to respond to a jury's question, and the form of that response, for an abuse of discretion." *United States v. Foster*, 507 F.3d 233, 244 (4th Cir. 2007). "An error requires reversal only if it is prejudicial in the context of the record as a whole." *Id.* Providing testimony transcripts to the jury is disfavored because the jury might place undue emphasis on the testimony. *United States v. Rodgers*, 109 F.3d 1138, 1143-44 (6th Cir. 1997) (internal quotation marks omitted).

With these standards in mind, we have reviewed the parties' agreements and the record on appeal, and we conclude the district court did not abuse its discretion. The district court gave the jury a transcript of all testimony, eliminating the danger that the jury would unduly emphasize a particular portion of the testimony. Further, the court instructed the jurors to rely on their perceptions of the testimony in real-time during trial even though they were given transcripts. *See id.* at 1145.

2

Harris also argues that the district court erred by denying his motion for a new trial under Fed. R. Crim. P. 33 based on an alleged *Brady* violation. Harris was charged with robbing a liquor store. Once he became a suspect, his friend, who was also a confidential informant, recognized the clothing worn by the suspect identified on the news as identical to the clothing the friend saw Harris wearing on the day of the robbery. After Harris was detained for the robbery, Harris' brother shot the friend. During the investigation of the shooting, the friend misidentified two men seen with Harris' brother before the shooting several blocks away at a convenience store. One of the misidentifications was confirmed to be wrong, and the other was only believed to be incorrect. Harris alleges the Government's failure to disclose these two misidentifications by the friend, who testified for the Government in Harris' case, violated *Brady*.

We review the denial of Harris' motion for a new trial for abuse of discretion. *United States v. Parker*, 790 F.3d 550, 558 (4th Cir. 2015). "It is an abuse of discretion for the district court to commit a legal error—such as improperly determining whether there was a *Brady* violation—and that underlying legal determination is reviewed de novo." *United States v. Bartko*, 728 F.3d 327, 338 (4th Cir. 2013) (internal quotation marks omitted).

> To demonstrate a *Brady* violation, the proponent must show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had materials and failed to disclose them.

3

*United States v. Taylor*, 942 F.3d 205, 225 (4th Cir. 2019) (internal quotation marks omitted). A finding of materiality requires a reasonable probability that the evidence would have produced a different result. *Parker*, 790 F.3d at 558.

Our review shows that the district court did not abuse its discretion by denying Harris' motion for a new trial because the court properly found no *Brady* violation occurred. The undisclosed evidence Harris identifies is weak impeachment evidence, particularly because the friend knew Harris and spent time with him on the day of the robbery. Further, the friend's testimony was not the only evidence linking Harris to the robbery; the liquor store manager on duty during the robbery identified Harris as the perpetrator in a photo array and at trial. The jury also viewed video surveillance footage of the robbery that corroborated the store manager's testimony. Because Harris did not show a reasonable probability of a different outcome if he had been provided the undisclosed misidentification evidence, he failed to establish a *Brady* violation.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*